IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN DYESS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 3:07cv635-WKW |
| KELLEY G. TAYLOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE
AND ORDER ON MOTION**

Currently pending before the undersigned Magistrate Judge is Kelley G. Taylor's, Lynn Hammond's, and John Saidla's joint Motion to Dismiss (Doc. #7) as well as Plaintiff's Motion to Amend the Complaint (Doc. #10). Upon consideration of Plaintiff's motion to amend, the undersigned GRANTS that motion.[1] Consequently, the Magistrate Judge RECOMMENDS that the joint motion to dismiss is DENIED as MOOT.

**I.  BACKGROUND**

On July 11, 2007, Plaintiff, John Dyess (Plaintiff or Dyess) commenced this action against Kelley G. Taylor, Lynn Hammond, and John Saidla (collectively hereinafter the individual Defendants). Compl. (Doc. #1) at 1. Dyess's Complaint alleges wrongful

---

[1] The undersigned notes that the Complaint names Lynn Hammond as "Len Hammond." In Plaintiff's response to the motion to dismiss, which also contains a motion to amend the Complaint, Plaintiff only names Lynn Hammond. Because the response clearly identifies Lynn Hammond as a Defendant, and for the reasons discussed below, infra at 4-5, the undersigned finds Plaintiff named Lynn Hammond as a Defendant.

termination on the basis of race, sex, and religion as well as sex-, race-, and religious-based hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (2000) for recovery of back pay and reinstatement of his former employment, including injunctive relief, damages, costs, and attorneys fees. Id. at 1-3. Dyess' Complaint sets forth the following facts, which the undersigned must accept as true and construe in the light most favorable to Dyess.[2]

---

[2]In Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004), the Eleventh Circuit reiterated the standard of review on a motion to dismiss under Rule 12(b)(6) for failure to state a claim:

> We review *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003) (*per curiam*); see also Jackson v. Birmingham Bd. of Educ., 309 F.3d 1333, 1335 (11th Cir. 2002) (citing Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true."). A motion to dismiss is granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Jackson, 309 F.3d at 1335 (quoting Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957))).
>
> Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (*en banc*). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks and citation omitted); see also Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true."); Robinson v. Jewish Ctr. Towers, Inc., 993 F. Supp. 1475, 1476 (M. D. Fla. 1998) ("[T]he court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions."); Cummings v. Palm

From July 2001 through May 2006, Dyess was employed at the college of veterinary medicine at Auburn University. Compl. (Doc. #1) at 3. The individual Defendants also worked at the college of veterinary medicine. Id. at 2. On or about July 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) solely against Auburn University. Compl. (Doc. #1-2) (containing a right to sue letter dated April 18, 2007, from the EEOC against Auburn University). None of the named individual Defendants were listed in the right to sue letter. Id.

On August 5, 2007, the individual Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, for lack of subject matter jurisdiction. Defs.' Mot. Dismiss (Doc. #7) at 1. They argue that as individual employees of Auburn University, rather than the "employer" as defined in 42 U.S.C. § 2000e-2, they cannot be sued under Title VII as a matter of law. Id. (Doc. #7) at 2. The individual Defendants also maintain that the Court lacks subject-matter jurisdiction to hear any of the claims alleged against them because Dyess did not file a charge of

---

Beach County, 642 F.Supp. 248, 249-50 (S. D. Fla. 1986) (finding vague and conclusory complaint failed to state a *factual* basis for claims of race and age discrimination required to give defendant notice necessary to prepare defense). To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.

Jackson v. BellSouth Telecomms., 372 F.3d at 1262-63. The undersigned observes, however, that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Trawinski v. United Techns., 313 F.3d 1295, 1297 (11th Cir. 2002) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)).

discrimination against any of the individual Defendants. Thus, Dyess has failed to exhaust his administrative remedies. Id.

Pursuant to this Court's Order, Dyess filed a timely response on August 13, 2007. Order of August 6, 2007 (Doc. #9); Response to Order to Show Cause (Doc. #10) (Dyess's Response). Dyess's Response also contains a Motion to Amend his Complaint. In his Response and Motion to Amend, Dyess explicitly states that he wishes to make Auburn University a named Defendant; he wishes a summons be sent to Auburn University; and he "nefver (sic) intended for [the individual Defendants] to be held personally responsible in [ ] this lawsuit." Dyess's Response (Doc. #10) at ¶¶ 1-2. Dyess indicates that he complained to the individual Defendants about his alleged mistreatment and that he listed several other individuals "resposible (sic) for being treated unfair (sic) as an employee." Id. at ¶¶ 3-4.

Against this backdrop, the undersigned turns first to Plaintiff's motion to amend, followed by the individual Defendants' motion to dismiss.

## II.   DISCUSSION

### A.   Motion to Amend (Doc. #10)

As indicated above, Plaintiff filed a Motion to Amend his Complaint within his Response to the individual Defendants' motion to dismiss. Dyess did not file a copy of his Amended Complaint with the motion, but he indicated in his motion that he wishes to name Auburn University as a Defendant in the action. He also expressly stated that he

4

never intended to hold any of the named individual Defendants personally responsible in this lawsuit. As Plaintiff is not a lawyer, but instead, appears *pro se*, and the Court must liberally construe his pleadings, the undersigned construes Dyess' statements as moving the Court to add Auburn University to the lawsuit as a named Defendant and to remove the individual Defendants as parties.

While courts generally permit plaintiffs to amend their complaints, see Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985), this Circuit requires plaintiffs to attach a copy of the proposed amendment to their motion or to describe the substance of the amendment to the court in their motion. See United States of Am. v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)) ("[P]laintiff should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the meritless claim."). As Dyess has clearly described the substance of the amendment he wishes to make in his motion, the undersigned GRANTS Dyess's Motion to Amend (Doc. #10) the Complaint. It is further

ORDERED that the Clerk of Court is directed to add Auburn University as a named Defendant in this matter and remove the named individual Defendants as parties. The Clerk of Court is further

ORDERED to serve Auburn University with process.

### B.     Motion to Dismiss (Doc. #7)

As the named individual Defendants are no longer parties to this action, the undersigned recommends that their motion to dismiss (Doc. #7) is DENIED as MOOT. Consequently, the undersigned need not reach their arguments.

### III.    CONCLUSION

Accordingly, for the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that the individual Defendants' motion to dismiss is DENIED as MOOT.  It is further

ORDERED that Plaintiff's motion to amend (Doc. #10) the Complaint is GRANTED.  The Clerk of Court is directed to add Auburn University as a named Defendant in this action and serve that Defendant with process.  The Clerk of Court is further

ORDERED to remove the Kelley G. Taylor, Lynn Hammond, and John Saidle as named Defendants in this action.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before September 5, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 23rd day of August, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE