# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

JOHN DYESS,

    Plaintiff,

v.

AUBURN UNIVERSITY,

    Defendant.

No. 3:07CV-635-WKW

## ANSWER

Defendant Auburn University ("Defendant"), answers the complaint of John Dyess as follows:

## ADMISSIONS AND DENIALS

1. Defendant is without information sufficient to admit or deny the allegations of Paragraph 1.

2. The allegations of Paragraph 2 do not require a response by the Defendant.

3. Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964. Defendant denies that this Court

possesses subject-matter jurisdiction over Plaintiff's claims and denies that it discriminated in any way against the Plaintiff.

4. Defendant admits that Plaintiff was terminated from employment. Otherwise denied.

5. Defendant admits the approximate dates of employment and that Plaintiff was terminated from employment. Otherwise denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Except as specifically admitted above, Defendants deny each and every allegation of the Complaint and demand strict proof thereof.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

5. Defendants exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the Defendants, or to avoid harm otherwise.

6. To the extent that Plaintiff's allegations relate to the conduct of non-supervisory employees, the Defendants did not know nor should they have known of the conduct, nor did they unreasonably fail to take steps to stop any such conduct. The Defendants did not ratify or condone any such conduct.

7. Plaintiff's claims are barred, in whole or in part, because the Defendants took prompt and effective remedial action upon becoming aware of any possible harassing behavior.

8. All actions taken by Defendants were taken in good faith, and for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons unrelated to Plaintiff's race, sex, religion, or any other protected characteristic.

9. Plaintiff's protected characteristic(s) did not play a role in any adverse employment action, and all of Defendants' decisions and actions were undertaken for legitimate, non-discriminatory reasons. Denying that this is a mixed motive case, Defendants plead, alternatively, that even if the Plaintiff's protected status played a role in any adverse employment action, Defendants would have taken the same employment action regardless of the Plaintiff's protected status.

10. To the extent that Plaintiff has any otherwise legally compensable damages, his claims are barred by his failure to mitigate such damages.

11. The Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims asserted.

12. Plaintiff's claims are due to be dismissed to the extent that they were not previously asserted in the charge of discrimination filed with the Equal Employment Opportunity Commission.

13. Defendant is not subject as a matter of law to the imposition of punitive damages.

14. Some or all of Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

15. Defendants reserve the right to supplement this Answer to raise additional factual and legal defenses as they may become known through discovery and during the proceedings in this case.

16. Defendant affirmatively avers that the claims asserted against it are subjectively and objectively frivolous; presented for improper purposes, such as to harass the Defendant and to cause unnecessary delay and to needlessly increase the costs of litigation; not warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and factually unsupported and not warranted by any facts or evidence.

Accordingly, Defendants expressly reserve their rights at the appropriate time to seek an award of costs, attorney's fees, and other sanctions, pursuant to Rule 11, Fed.R.Civ.P., 42 U.S.C. § 1981a, 28 U.S.C. §§ 1920, 1927, and any and all other applicable rules and laws.

                                            Respectfully submitted,

                                            */s/ Aaron L. Dettling*
                                            DAVID R. BOYD
                                            AARON L. DETTLING

                                            Attorney for the Defendant, Auburn University

OF COUNSEL:

David R. Boyd (BOY005)
Aaron L. Dettling (DET003)
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205) 226-8723
Facsimile:   (205) 488-5699

Lee F. Armstrong
General Counsel, Auburn University
101 Samford Hall
Auburn, Alabama  36849
Telephone:  (334) 844-5176
Facsimile:   (334) 844-4575

## CERTIFICATE OF SERVICE

     I hereby certify that on this the 17th day of September, 2007, I filed the foregoing document using the CM/ECF system, and that I contemporaneously mailed a true and correct copy of the foregoing to the Plaintiff via first-class mail addressed as follows:

John D. Dyess
1509 Union Street
Mobile, Alabama  36617

                                            */s/ Aaron L. Dettling*
                                             OF COUNSEL